IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | |
| ) | **Crim. No. CCB 16-0430** |
| **MAHMOOOD HUSSAIN SHAH,** ) | |
| **Defendant** ) | |
| ) | |
| ) | |

## SUPPLEMENTAL SENTENCING MEMORANDUM

The Defendant requests the Court to consider such additional information in it consideration of the appropriate sentence for Mr. Shah. The Defendant request the court to consider the latest developments for any mitigating bearing it may have on the court's calculation. Since the Defendant's last submission, a couple of relevant events have occurred which tend to illustrate the nature of the Defendant's involvement in the alleged crimes and how the court may justly regard him.

### Home Incarceration

Since October 2017, Mr. Shah has been on "Home Incarceration". He is allowed to leave home only for work driving a cab. He has a curfew by which he must be back home. This means that for over one year and four months, Mr. Shah has been confined to his home except for work. The court should consider this period of incarceration as a mitigating factor. The Defendant humbly request that he receive a day for a day credit for time served toward any sentence the court may impose. His full compliance with the terms of his home incarceration warrant favorable consideration as well.

### Civil Monetary Penalty

On November 19th, 2018 while this court was considering The Defendants Motion to Vacate the Judgment, the United States Department of Agriculture, Food and Nutrition Service, Supplemental Nutrition Assistance Program, wrote to Mr. Shah advising him that he may be eligible for a Civil Monetary Penalty in lieu of Permanent Disqualification from the program.     (See Exhibit A).This notice came via Federal Express directly to Mr. Shah's home, and was unsolicited by the Defendant or his counsel. The timing of the notice was also contemporaneous with The Defendants counsel's telephone discussion with US Attorney's office regarding a possible stipulation or Civil Monetary Penalty.

The Defendant's was initially found ineligible for lack of evidence to demonstrate that a program was in place to prevent such occurrences. (See Exhibit B), but upon further requested review, Mr. Shah was granted an opportunity to submit supplemental information. This review and consideration for a (CMP ) Civil Monetary Penalty is still under way as of this writing. Regardless of the outcome, the court may be persuaded by the fact that the Government through the US Department of Agriculture has included Mr. Shah among those considered for such a civil remedy.

The SNAP Program has a maximum penalty of $59,000. If the Department has not made its determination by the time of sentencing, the Defendant requests either a continuance in order to consider what the Department of Agriculture would offer or that the court order restitution in this amount and impose a sentence requiring no prison time. If the Department of Agriculture determines that Mr. Shah is not eligible for a CMP, the Defendant requests the court to regard the US Department of Agriculture's willingness to even consider it, as a mitigating factor. If he is eligible The Defendant ask the court to impose a sentence requiring no prison time, so that the Defendant may repay off this obligation from whatever source he is able to secure the onetime payment.

Mr. Shah  maintains that an economic crime such of this nature with willing participants and a victim willing to consider financial penalty, suggests that a financial repayment of the debt to society is the most appropriate remedy, rather than incarceration where society continues to pay for his maintenance. The Corner Grocery store is no more, having gone out of business. If he is denied the CMP, he will be permanently barred from participating in the SNAP program again in any event.

Mr. Shah has loss the business he built as an immigrant and only wishes to continue his otherwise law abiding life. Such a conviction violates his permanent residence, and the consequences of that are all but inevitable. To impose a period of incarceration would mean the loss of his family- wife and two sons.

Mr. Shah admitted to making some mistakes. With (5) of the Governments witnesses being immunized from prosecution for their role and the Government itself  realizing no consequence for its mistakes, Mr. Shah should be afforded some consideration as the only one left who is willing to pay for his actions and consequently, the mistakes of others.

 Respectfully Submitted,

Leonard H. Bennett Esq.


By:  /s/*Leonard H. Bennett*
     Leonard H. Bennett
     Attorney For Mahmood Shah